IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-495-D

| | | |
|---|---|---|
| OWEN HARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COMMERCIAL NET LEASE LP LTD., | ) | |
| | ) | |
| Defendant. | ) | |

On November 15, 2009, Owen Harty ("Harty" or plaintiff) filed suit against Commercial Net Lease Reality LP Ltd., also known as National Retail Properties LP of North Carolina, doing business as Denny's Restaurant, alleging violations of the American with Disabilities Act ("ADA") [D.E. 1]. On February 2, 2010, National Retail Properties LP of North Carolina ("National Retail") answered the complaint [D.E. 11], moving to dismiss for insufficient process and service of process for naming and serving the incorrect party-defendant. In its answer, National Retail admitted it owned the real property at issue, admitted it leases that property to GoalDen Success, Inc. ("GoalDen"), and that GoalDen does business as Denny's Restaurant. Answer ¶¶ 2, 6.

On February 27, 2010, Harty filed a motion for leave to file an amended complaint [D.E. 13]. Because the motion was filed after the period for amendments as a matter of course, the opposing party's consent or leave of court was required. Fed. R. Civ. P. 15(a). In that motion, Harty asserted the amendment would simply correct the "reversal-order-error in the name of the Defendant." Mot. Leave Amend 1. National Retail agreed to such an amendment. Id. at 2. Harty also attached a copy of the proposed amended complaint. Id., Ex. A. On June 22, 2010, the court granted Harty's motion to amend [D.E. 15], ordering that he file the amended complaint no later than July 2, 2010.

Harty failed to meet the deadline. On July 30, 2010, National Retail filed a motion to dismiss, or in the alternative, motion for show cause order and sanctions, pursuant to Federal Rules

of Civil Procedure 12(b)(4)–(7), 41(b), and 11(c)(3)–(4) [D.E. 16]. On July 31, 2010, Harty filed an amended complaint [D.E. 21] and a notice of late filing [D.E. 22]. The amended complaint, filed without leave of court or the defendant's consent, seeks to substitute Denny's Inc. as defendant for National Retail. In the notice of late filing, Harty's counsel stated she "came to believe that the proposed Amended Complaint did not name the correct Defendant" necessitating "further research." Notice 1. Having "learned the correct Defendant name, and for that good cause shown," Harty filed the out-of-time amended complaint. Id. Harty then stated he would voluntarily dismiss without prejudice the "earlier party." Id.

On August 19, 2010, Harty responded in opposition to the motion to dismiss [D.E. 23]. Harty claims the motion should be denied "because it is largely moot." Pl.'s Resp. 1. Harty then claims his undersigned counsel "had to do some study and research to determine the course of action re [sic] the Defendant." Id. at 6. She claims her efforts were necessitated because, rather than "simply provid[ing] the name and address of the correct party," National Retail chose to "run up a legal bill." Id. On August 23, 2010, National Retail replied [D.E. 24].

Harty filed his amended complaint 29 days late. Thus, the court construes the filing of the amended complaint and the notice of late filing as a motion for extension of time to file the amended complaint. Federal Rule of Civil Procedure 6(b)(1)(B) requires all motions for extension of time made after the time has expired to show both good cause for the extension and excusable neglect for the late filing. "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Those circumstances include the danger of prejudice, the length of the delay and its potential impact, the reason for the delay, and whether the movant acted in good faith. Id. "The most important of the factors . . . for determining whether 'neglect' is 'excusable' is the reason for the failure to

2

[timely] file." Bredell v. Kempthorne, 290 F. App'x 564, 565 (4th Cir. 2008) (alteration in original) (per curiam) (unpublished) (quoting Thompson, 76 F.3d at 534).

Harty is a frequent litigator in this court.[1] All of his actions involve the ADA, and in the majority of his actions he is represented by the counsel of record in this case. Harty's explanation for the late filing of his amended complaint is baffling. Contrary to the assertions of Harty's counsel, National Retail (commendably and without any requirement to do so) provided guidance regarding the proper parties to this action. Answer ¶¶ 2, 6. Furthermore, Harty knew when he filed his original complaint that the Denny's Restaurant was a Denny's franchisee. Compl. ¶ 2. Both Harty and his counsel are quite familiar with the ADA and related case law. In addition, Harty fails to provide any reason why substitution of the parties through amendment of the complaint is preferable to the filing of a new suit against the proper parties. There is no cause, good or otherwise, to support the late filing of the amended complaint. Furthermore, the late filing is not excusable. The timing of the filing of the amended complaint suggests that counsel's proffered excuse of

---

[1] See, e.g., Harty v. Macy's Retail Holdings, Inc., No. 4:09-CV-119-FL (E.D.N.C. 2009); Harty v. Boulevard Motel Corp., No. 5:09-CV-151-BO (E.D.N.C. 2009); Harty v. Branch Cameron, LLC, No. 5:09-CV-157-D (E.D.N.C. 2010); Harty v. Cary Crossroads, LLC, No. 5:09-CV-159-D (E.D.N.C. 2009); Harty v. CVM Holdings, LLC, No. 5:09-CV-162-BO (E.D.N.C. 2010); Harty v. McDonald's Corp., No. 5:09-CV-163-BO (E.D.N.C. 2010); Harty v. Macy's Retail Holdings, Inc., No. 5:09-CV-164-H (E.D.N.C. 2009); Harty v. NHM Owner 1, LLC, No. 5:09-CV-278-BO (E.D.N.C. 2010); Harty v. Triangle Town Ctr., LLC, No. 5:09-CV-280-FL (E.D.N.C. 2010); Harty v. Sterling (The Falls) LP, No. 5:09-CV-291-D (E.D.N.C. 2009); Harty v. Hooters of Raleigh, Inc., No. 5:09-CV-306-D (E.D.N.C. 2010); Harty v. JAS Props., LLC, No. 5:09-CV-344-JG (E.D.N.C. 2010); Harty v. BRE/LQ Props. LLC, No. 5:09-CV-497-FL (E.D.N.C. 2010); Harty v. Gavi Holly Park, LLC, No. 5:10-CV-89-D (E.D.N.C. 2011); Harty v. Ashton Square Condos., No. 5:10-CV-96-BO (E.D.N.C. 2010); Harty v. Luhin Four, Inc., No. 5:10-CV-107-BO (E.D.N.C. 2010); Harty v. Tathata, Inc., No. 5:10-CV-113-WW (E.D.N.C. 2010); Harty v. Advance Auto Parts, Inc., No. 5:10-CV-118-D (E.D.N.C. 2011); Harty v. Burlington Coat Factory Warehouse Corp., No. 5:10-CV-121-BR (E.D.N.C. 2010); Harty v. Three Ds, LLC, No. 7:11-CV-6-F (E.D.N.C. 2011); Harty v. GS II Univ. Ctr. LLC, No. 7:11-CV-8-BO (E.D.N.C. 2011); Harty v. Gayatri, MAA, Inc., No. 7:11-CV-10-F (E.D.N.C. 2011); Harty v. Belk, Inc., No. 7:11-CV-15-D (E.D.N.C. 2011); Harty v. Penn. Real Estate Invest. Trust, No. 7:11-CV-16-H (E.D.N.C. 2011); Harty v. Staples, Inc., No. 7:11-CV-17 (E.D.N.C. 2011); Harty v. Belk, Inc., No. 7:11-CV-19-BR (E.D.N.C. 2011); Harty v. JALA, Inc., No. 7:11-CV-21-F (E.D.N.C. 2011); Harty v. Biggs Park, Inc., No. 7:11-CV-22-F (E.D.N.C. 2011).

conducting "further research" is mere subterfuge invented to mask simple forgetfulness. Oversights caused by lack of organizational competence or the demands of other cases are inexcusable. Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1048 (8th Cir. 2010) (collecting cases). Therefore, the court denies an extension of time to file the amended complaint and strikes the amended complaint.

Because Harty has not timely amended his complaint, National Retail's motion to dismiss is not "largely moot." Pl.'s Resp. 1. Harty has not articulated any grounds for why the motion to dismiss pursuant to Rule 12(b)(4) & (5) should be denied. Harty bears the burden of proving the sufficiency of process and proper service of process. See, e.g., Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Instead of meeting this burden, Harty states "the key [desired] Defendant in [this] case . . . is Denny's, Inc." Pl.'s Resp. 6. Although courts are to liberally construe the service requirement when a defendant has actual notice of the commencement of an action, Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984), the court sees no reason to liberally construe the rules when Harty himself has stated a desire to voluntarily dismiss without prejudice the improperly served party. Notice 1. Thus, the court grants defendant's motion to dismiss.

In sum, the motion for extension of time to file the amended complaint is DENIED and the amended complaint [D.E. 18] is STRICKEN. Defendant's motion to dismiss [D.E. 16] is GRANTED. Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED. This _1_ day of March 2011.

JAMES C. DEVER III
United States District Judge